UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,


                  - against -                                          5:01-CR-435 (NAM)

JOHN FALITICO,

                           Defendant.

_____

APPEARANCES:                                          OF COUNSEL:

JOHN FALITICO
*Defendant/Petitioner, Pro Se*
Reg. No. 11099-052
Federal Correctional Institution
Greenbag Road, P.O. Box 1000
Morgantown, West Virginia 26507-1000

GLENN T. SUDDABY                              John M. Katko, Asst. U.S. Attorney
UNITED STATES ATTORNEY
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York  13261-7198

NORMAN A. MORDUE, DISTRICT JUDGE

### MEMORANDUM-DECISION AND ORDER

        Defendant is an inmate currently incarcerated at the Federal Correctional Institution in

Morgantown, West Virginia.  He has filed a motion to "correct [an] illegal sentence" and/or for an

order directing that time he spent in a "locked" drug rehabilitation facility prior to sentencing be

credited as "time served" toward his sentence.  Although defendant does not specifically state the

jurisdictional grounds for his motion, his moving papers track the language of 28 U.S.C. § 2255,

which confers district courts with jurisdiction to vacate, set aside or correct an illegal sentence.

Moreover, defendant   The Second Circuit has long held that challenges to the **implementation** of

a sentence, as opposed to its **imposition,** must be raised under 28 U.S.C. § 2241 in the district

court where the defendant is incarcerated.  *See United States v. Huss,* 520 F.2d 598, 603-05 (2d

Cir. 1975) ("matters of internal prison administration reviewable under the provisions of the

general habeas corpus statute [ i.e., § 2241]" are not reviewable under § 2255) (citing *Costner v.*

*United States,* 180 F.2d 892 (4th Cir. 1950) (Section 2255 motions not available to challenge

calculation of good time credits by federal prison authorities)); *see also United States v.*

*Marchese*, 341 F.2d 782, 789 (9th Cir.) *cert. denied*, 382 U.S. 817 (1965) (challenges to

accumulation of good time credits must be brought under 28 U.S.C. § 2241 in the district of

confinement rather than under 28 U.S.C. § 2255 in the district where defendant sentenced);

*United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977) (same).

Therefore, "[a] motion under § 2255 must be 'directed to the sentence as it was imposed,

not to the manner in which it is being executed.' " *Corrao v. United States,* 152 F.3d 188, 191 (2d

Cir. 1998) (quoting *Dioguardi v. United States*, 587 F.2d 572, 573 (2d Cir. 1978)). "In contrast, a

motion brought under § 2241 challenges the execution, not the imposition, of the sentence."

*Corrao*, 152 F.3d at 191; *accord, e.g., Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.

1997) ("A petitioner seeking to challenge the legality of the imposition of a sentence by a court

may therefore make a claim pursuant to Section 2255. . .  A challenge to the execution of a

sentence, however, is properly filed pursuant to Section 2241."); *Kingsley v. Bureau of Prisons*,

937 F.2d 26, 30 n. 5 (2d Cir. 1997) ("challenges to the length, appropriateness or conditions of

confinement are properly brought under 28 U.S.C. § 2241").

Based thereupon, this Court clearly lacks jurisdiction to entertain defendant's motion

under 28 U.S.C. § 2255.  In lieu of simply dismissing defendant's motion, it seems logical, and an

exercise of efficiency to convert the application to one under 28 U.S.C. § 2241 and transfer it to

the District of West Virginia.  However, the Second Circuit has expressly proscribed such action

even if done to assist a *pro se* inmate litigant with technical jurisdictional matters.  In *Adams v. United States,* 155 F.3d 582, 583 (2d Cir. 1998), the Circuit first noted that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, "places stringent limits on a prisoner's ability to bring a second or successive" § 2255 motion.  In view of this, the Circuit reasoned that if a district court treats a motion filed under some other provision as a § 2255 motion, then the movant's one chance at § 2255 relief would be used up--without the movant's consent and despite the movant's possible ignorance of the consequences.  *See id.*  "Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated." *Id*.  Based thereupon, the Circuit held that district courts should not convert motions "purportedly made under some other rule" into § 2255 motions unless the petitioner specifically consents to the conversion with an understanding of the potential adverse consequences. *Id.* at 584.

In *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004), the Second Circuit applied the same reasoning to prohibit district courts from converting inappropriately styled motions into petitions under 28 U.S.C. 2241:

> Nor can *Adams* reasonably be limited to § 2255 and § 2254 motions. For its principles and its prescription apply with equal force to any situation in which a person may have only a limited number of unencumbered opportunities to seek a certain form of relief. And that is the case here: *Sua sponte* conversion of [petitioner's] § 3582 motion into a § 2241 petition may well, based on the foregoing, have an adverse impact on his ability to file, and prevail on, another such motion in the future. In *Adams,* we held that the rule set forth therein would persist "[a]t least until it is decided whether such a conversion or recharacterization can affect the movant's right to bring a future habeas petition."  The application of this rule to § 2241 petitions will persist "at least until it is decided" if and when petitioners can file more than one § 2241 petition.

Thus, this court is prohibited from converting the petition to one for relief under 28 U.S.C. §

2241.  *See also Madden v. Hirsch*, 2004 WL 1243172, *2 (E.D.N.Y. Apr 20, 2004) ("Based upon the statements in his complaint, plaintiff appears to be alleging that the state authorities have unconstitutionally convicted and imprisoned him. In light of the Second Circuit's recent decision in *Simon v. Unites States*, this court will not recharacterize plaintiff's claim as a successive petition for *habeas corpus*. . . . The claim will be analyzed as it has been filed.") (internal citation omitted).

Conclusion

Analyzing the motion as filed, this Court clearly lacks jurisdiction to consider it on the merits.  Based thereupon, defendant's motion for correction of his sentence is dismissed without prejudice.

IT IS SO ORDERED.

Dated: February 8, 2006
           Syracuse, New York

Norman A. Mordue
U.S. District Judge